Judge Hitchcock
delivered the opinion of the court:
It will be seen, by a careful examination of the statement of facts, that tbére is no controversy but that Frederick Miner and those claiming under him have the legal title to two-thirds of the interest originally granted by the State of Connecticut to Abigail *423 Elliot. Whether this title was acquired under a sale for taxes or otherwise, it is immaterial to inquire, so long as its legal existence is admitted. -The record shows that the section in which this interest was classified, and in which partition is now demanded, has been surveyed into lots containing about one hundred acres each, and that these lots or parts of them have boon conveyed by Miner or his grantees to the defendants in severalty. So far as these defendants claim, therefore, they claim npt as tenants in common in the whole, but as tenants in severalty of separate and distinct tracts. Now, admitting the right of the petitioner to one-third of the interest originally vested in Abigail Elliot, there can be no doubt that he is tenant in common to the extent of that interest in each and every one of these several tracts or parcels, because to that extent he is tenant in common with the other proprietors of the whole section.
Having an interest in common in the whole section, it is insisted by his counsel that his co-tenants could not convey any part of •their interest in a separate tract in the section, so as to vest in the .grantee any title to the part so conveyed. This subject was fully •considered by the court in the case of Lessee of White v. Sayer, 2 Ohio, 110, in which case *it was settled that a tenant in .common could convey a part of his undivided estate; and that a deed by a tenant in common, purporting to convey in severalty, is ¡a good conveyance for the grantee’s undivided part within its boundaries. The correctness of this principle is recognized in the ■case of Green’s Lessee v. Emerick, 6 Ohio, 391. Upon the authority of these two cases we take the law to be settled in Ohio, that a tenant in common can convey a part of his undivided interest ,in the whole land, or'his whole undivided interest in a part of the land. True, the counsel for the plaintiff has commented upon the before-cited cases with considerable warmth, and some little asperity; but his argument has not satisfied the court that those cases were improperly decided. Nor is there anything in the nature of the case now before us to lead to the conclusion that more substantial justice could be done by a different decision.
Such, then, being the law, there is but one question in this case, and that is, whether, under our partition laws, an individual who has an interest in common in several tracts of land with others, who have no common interest with each other in those several tracts, can enlorce partition unless by separate proceedings against *424 those who, together with him, own those separate tracts. For instance, A. is tenant in common with B. in one section of land, and with C. with another, can he join the two together in one petition ? It seems to the court clearly that he could not, and for the reason that he is joining together in the same suit those who have no common interest. In order to sustain the proceedings the petitioner must have a common interest, and those of whom partition is demanded must have a common interest in all the lands sought to be divided.
It follows that the court of common pleas did not err in the judgment complained of.
I am not prepared to say, however, that the petitioner can have no relief except by separate proceedings under our partition laws against all these defendants. It is possible that by bill in chancery, where Miner and all claiming under him were made defendants, he might obtain relief. And that if a sufficient quantity of land to satisfy his claim remains in the hands of Miner, it might be decreed to him. This, however, is a mere suggestion, and upon this point it is not intended to express any opinion.
The judgment of the court of common pleas is affirmed, with costs.